Justin Hewgill (SBN 259528)
Efaon Cobb (282228)
**HEWGILL COBB & LOCKARD, APC**
1620 Fifth Avenue, Suite 325
San Diego, Ca 92101
Tel: 619-432-2520
Fax: 619-377-6026
Contact@hcl-lawfirm.com

Helen I. Zeldes (SBN 220051)
Joshua A. Fields (SBN 242938)
Aya Dardari (SBN 344039)
**SCHONBRUN SEPLOW HARRIS
HOFFMAN & ZELDES, LLP**
501 W. Broadway, Suite 800
San Diego, Ca 92101
Tel: (619) 400-4990
Fax: (310) 399-7040
hzeldes@sshhzlaw.com
jfields@sshhzlaw.com
adardari@sshhzlaw.com

Attorney for Plaintiff and the Proposed Class

UNITED STATES DISTRICT COURT

SOUTHER DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHERISHA LOVEJOY, an individual, on behalf of herself and all others similarly situated,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>TRANSDEV SERVICES, INC., and DOES 1 through 10, Inclusive,<br><br>　　　　　　Defendants. | Case No.:<br><br>CLASS ACTION   **'23 CV 0380 AJB MDD**<br><br>CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF<br><br><br><br>DEMAND FOR JURY TRIAL |

Plaintiff Cherisha Lovejoy ("Lovejoy") ( "Plaintiff"), by and through her attorney, bring this action on behalf of herself and all other similarly situated non-exempt employees who are or were employed in California by Transdev Services, Inc. ("Transdev" or "Defendant"), and DOES 1 through 10, inclusive (collectively "Defendants").    Plaintiff hereby allege, on information and belief, except for information based on personal knowledge, which allegations are likely to have evidentiary support after further investigation and discovery, as follows.

## NATURE OF ACTION

1.    This California-based class action is brought on behalf of Plaintiff and The Class[1] because of Transdev's systematic mistreatment of its employees in violation of California's wage and hour laws. Transdev Services, Inc., TRANSDEV is and has during all relevant times operated a business where by they contract with municipal transportation agencies to operate buses on behalf of said agencies. Plaintiff worked for TRANSDEV fulfilling one these contracts with the San Diego Metropolitan Transit System.

2.    Defendants systematically violated the rights of Plaintiff and the putative class members rights under the California Labor Code. Defendants did so by failing to pay actual hours worked, but instead paid hours based on estimates of what hours Defendants estimated its employees should work to drive the routes assigned to the respective bus driver. This policy and practice resulted in bus drivers consistently working off of the clock before, during and after shifts. Additionally, Defendants did not build in the ability for bus drivers to take legally adequate meal and rest breaks into the routes they assigned to Plaintiff and putative class members.

3.    In order to redress the harms suffered, Plaintiff, on behalf of themselves and The Class, bring claims for: (1) failure to pay all regular,  minimum and overtime wages  in violation of Labor Code §§ 200, 210, 510, 515, 558, and 1194, 1194.2 ; (2) failure pay split-shift premiums in violation of section 4(c) of the applicable IWC Order; (3) failure to provide legally sufficient meal periods in violation of Labor Code §§226.7 and 512; (4) failure to authorize and permit

---

[1] "The Class" is defined in paragraph 59, sub-paragraph (v) below.

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

legally sufficient rest breaks in violation of Labor Code §§226.7; (5) failure to provide accurate wage statements in violation of Labor Code § 226(a); (6) failure to timely pay wages when due at termination in violation of Labor Code §§201 and 202; (7) violation of the Unfair Competition Law ("UCL") pursuant to Business & Professions Code §17200, *et seq*.; and (8) Conversion of wages.

## JURISDICTION AND VENUE

4.      This Court has personal jurisdiction over Defendants because Defendants have conducted and continue to conduct substantial business in the State of California, employ numerous individuals in California, and have intentionally availed themselves of the laws and markets of California through the operation of their business in California.

5.      This court has subject matter jurisdiction pursuant to the Class Action Fairness +Act, 28 U.S.C. 1332(d), as Plaintiff (California) and Defendant TRANSDEV (Maryland) are diverse, there are over 100 class members, and the amount in controversy exceeds $5 million.

6.      Venue is proper in this Court because Defendants employ or employed numerous individuals in this District, including Plaintiff, and a substantial portion of the acts giving rise to this action occurred in this District.

## THE PARTIES

### Plaintiff Cherisha Lovejoy

7.      Plaintiff Lovejoy is over eighteen years of age and at all relevant times is and was a resident of San Diego County, California.  Ms. Lovejoy, a well-established bus operator, was a dedicated non-exempt employee of Transdev Services Inc.

8.      Defendants failed to pay Plaintiff Lovejoy all hours she worked, instead paying her so called "paddles" estimates of what hours she should have worked in an idealized situations.

9.      Defendants failed to pay Plaintiff Lovejoy overtime and double time wages despite having commonly worked over eight hours in a day, over twelve hours in a day, and over 40 hours in a week.

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

10.     Defendants failed to pay Plaintiff Lovejoy split shift premium wages, despite scheduling her for shifts which required her to be off duty for two or more hours between being on duty in a single day.

11.     Defendants required Plaintiff Lovejoy to work daily shifts that, at times, exceeded ten hours.  During the Class Period,[2] Defendants failed to provide and/or effectively precluded Ms. Lovejoy from taking one or more off duty meal periods of not less than 30 minutes after working more than five hours per day. Defendants also failed to provide and/or precluded Plaintiff Lovejoy from taking one or more second off duty meal periods of not less than 30 minutes after working more than ten hours per day. For example, per Ms. Lovejoy's time records for the period beginning in 2018 through December 31, 2021 for 100% of the shifts Ms. Lovejoy worked over ten hours per day, no second meal period was scheduled, provided or otherwise made available.  Among other violations, Ms. Lovejoy's time records evidence a clear and unambiguous violation of Industrial Welfare Commission Order No. 9-2001 ("Wage Order No. 5"), ¶7, 8 Cal. Code Regs. §11050(7)(A)(3), (4) (holding "every employer must keep accurate information with respect to each employee including … [t]ime records showing when the employee beings and ends each work period. ***Meal periods … shall also be recorded***.").  With uniform evidence of a 100% failure rate of providing second meal periods as reflected in the time records, it is undisputable Defendants violated, *inter alia*, Labor Code §§226.7, 512, for failure to provide lawful meal periods.

12.     During the Class Period, Defendants also failed to provide and/or effectively precluded Plaintiff Lovejoy from taking daily duty-free rest breaks on one or more occasions as follows: 10-minutes' rest for shifts from three and one-half to six hours in length; 20-minutes' rest for shifts of more than six hours up to ten hours; and/or 30 minutes' rest for shifts of more than ten hours up to fourteen hours.

---

[2]     "Class Period" is defined in paragraph 60, sub-paragraph (iv) herein below.

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

13.     Despite having denied Plaintiff Lovejoy lawfully required meal and rest periods, Defendants failed to compensate Ms. Lovejoy for all premium wages for the missed meal and rest periods as set forth in the Labor Code.

14.     Defendants knowingly and intentionally failed to provide Plaintiff Lovejoy with accurate, itemized wage statements, as required by Labor Code §226. Among other violations, Defendants are aware that the records provided to Plaintiff Lovejoy failed to reflect meal periods that were missed and the premium wages owed for such. Each of Plaintiff Lovejoy's wage statements also failed to identify Defendants' legal name, "Transdev Services Inc.," as required by California law. Because Defendants failed to accurately report Plaintiff Lovejoy's meal and rest period premium wages, they violated Labor Code §226 by failing to accurately report gross and net wages earned and total hours worked by Plaintiff Lovejoy. Because of the inaccurate wage statements, Plaintiff Lovejoy has been harmed since her wages owed were not properly calculated and she was not made aware of what her true wages were and how they were calculated.

15.     Defendants also knowingly and intentionally failed to keep accurate time records, showing when Plaintiff Lovejoy began and ended each work period, including all meal periods, and wages paid each payroll period.

16.     Because of Defendants' wage and hour violations, Plaintiff Lovejoy has suffered damages, and she therefore brings this class action to enforce compliance of the Labor Code and recover wages, restitution, civil penalties, and attorneys' fees and costs.

## **Defendants**

17.     Defendant TRANSDEV is a Maryland Corporation, with its corporate office located at 720 E Butterfield Road, Suite 300, Lombard, Il 60148.

18.     Defendant TRANSDEV were Plaintiff's and were/are/will be The Classes' joint and/or single employer.

19.     TRANSDEV and Doe Defendants constitute a single employer under the integrated-enterprise test given their interrelations of operations, common management, centralized control of labor relations, and common ownership and control.

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

20.     Based on information and belief, Defendants had the authority to, directly or indirectly, or through an agent or other person, employ or exercise control over Plaintiff's and The Classes' wages, hours, and working conditions.

21.     Based on information and belief, Defendants had knowledge of the wage-and-hour violations alleged herein and each defendant had the power to prevent the violations from occurring.  Having knowledge of the wage-and-hour violations set forth in this Complaint, Defendants could have but failed to prevent the violations from occurring.  Instead, Defendants sought to avoid payment of owed wages by improperly and deceptively offering confidential settlement releases to its employees to waive their lawful rights for such wage and hour violations.

22.     At all relevant times, Defendants did, and still do, transact and conduct business in the State of California, including, but not limited to, the County of San Diego, and within the jurisdiction of this Court.

23.     At all times mentioned in the causes of action alleged herein, each defendant was an agent and/or employee of each other defendant.  In doing the things alleged in the causes of action stated herein, each defendant was acting within the course and scope of this agency or employment and was acting with the consent, permission, and authorization of each of the remaining defendants.  All actions of each defendant, as alleged in the causes of action stated herein, were ratified and approved by every other defendant or its officers or managing agents.

24.     Plaintiff does not know the true names and capacities of Defendants DOES 1 through 50, inclusive, and therefore sues them by these fictitious names. Plaintiff will amend this Complaint to include their names and capacities once they are known. Plaintiff is informed and believe, and on that basis allege, that each of the Defendants designated as a DOE is legally responsible in some manner for the occurrences alleged in this Complaint, and unlawfully caused the injuries and damages to Plaintiff and The Class as alleged in this Complaint.

**TRANSDEV'S UNLAWFUL CONDUCT**

**<u>Background</u>**

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

25.    TRANSDEV is a transportation company doing business with municipal transportation systems across the nation, and in San Diego Metro Area through contractual relationships with the Metropolitan Transit System

26.    TRANSDEV systematically violates the rights of its bus driver/operators, and deprives them of wages by:

(a)    Failure to Pay Wages for All Hours Worked;

(b)    Failure to Pay Overtime and Double-time Premium Wages;

(c)    Failure to Pay Split-Shift Premium Wages;

(d)    Failure to Provide Meal Breaks;

(e)    Failure to Authorize and Permit Rest Beaks;

(f)    Failure to Provide Accurate Wage Statements, and keep Adequate Records;

(g)    Failure to Pay all Wages due upon Termination of employment.

**Failure to Pay all Hours Worked**:

27.    Defendants failed to pay all Plaintiff and similarly situated bus driver operator all hours worked.

28.    Labor Code section 1194(a) requires all hours to be paid at not less than minimum wage. Labor Code section 210, provides penalties for failure to pay all wages in a timely fashion. Labor Code section 1197.1 provides penalties for failure to pay minimum wages for all hours.

29.    Defendants failure to and fails to pay all wages due to the fact that meal breaks, be they scheduled for 30 minutes, 40 minutes or as much as an hour are deducted from bus operators hours, and therefore pay. However, bus drivers consistently have to spend more time working due to various factors including buses running over schedule (meaning the route takes longer than the scheduled or listed time), and time to evacuate the bus of passengers after a route.

30.    Furthermore, the recordation of time worked is done by dispatch employees and not bus operators. The dispatch will assume the scheduled route is correct unless bus operators go to the office to fill out a corrective form after their route. The time taken for the process of

filling out the form is unpaid as well, and often take significant time as the form has to be requested from management personnel who are not themselves immediately available.

31.    Bus operators, including Plaintiff, were and are routinely not paid for all hours they work, and are therefore unpaid minimum and regular wages and liquidated damages for nonpayment of minimum wage.

**Failure to Pay Overtime and Double-time Premium Wages**:

32.    Transdev, Inc. has a policy of requiring Bus Operator employees to work over eight hours in a day and not paying overtime, and not paying double-time when a Bus Operator works more than 12 hours in a day. Labor Code section 510, and 515 require overtime be paid after 8 hours in a day, and double-time be paid after 12 hours in a day. Wage Order 9, at section 3, subsection (A) provides for the same requirements. Labor Code section 1197.1 provides penalties for failure to pay hours at rates less than allowed by the law.

33.    Bus Operators, including Plaintiff have been and continue to be denied overtime and double time wages due to them, and are therefore owed unpaid overtime and double-time wages.

**Failure to Pay Split-Shift Premium Wages**:

34.    Defendant has a policy and practice of scheduling Bus Operators for split-shifts but fails to pay split-shift premiums.

35.    IWC Wage Order 9, section 4(c) requires the payment of an extra hour of pay when an employee is scheduled for a split shift. Labor Code § 558 provides for penalties when minimum wage and overtime and hours worked regulations found in the IWC Wage Orders are violated.

36.    Transdev, Inc. has a policy and practice of scheduling bus operators to drive in the morning leave for two or more hours and then return to drive in the afternoon or evening. This practice amounts to scheduling split-shifts. However, Defendant does not pay split shift premiums as required by the IWC Wage Order 9.

37.    Bus Operators, including Plaintiff, have and continue to be denied split-shift premium wages, and are therefore owed split shift premium wages.

**Failure to Provide Meal Breaks:**

38.    Defendants failed to provide Plaintiff and similarly situated bus driver operators legally adequate meal breaks.

39.    IWC Wage Order 9, item 10 requires employers to provide meal periods during which an employee must be relieved of any and all work-related duties. *Brinker v Superior Court* (2012) 53 Cal 4th 1004; *Augustus v. ABM Security Services, Inc.* (2016) 2 Cal.5th 257, 269. Additionally, a lawful off-duty rest period is not provided where an employer fails to relinquish control over how employees spend their time. *Id*. Under Labor Code § 226.7, an employer is required to pay an employee one (1) additional hour of pay at the employee's regular rate of pay for each workday in which a lawful rest period was not provided. *See also* IWC Wage Order 9, item 10.

40.    Under Labor Code section 512(a) states, employers must provide meal breaks every five hours, such that an employer must provide a second rest break if a shift is ten or more hours.  Section (A) of the "Meal Period" provision of IWC Wage Order 9 states provides for the same rule. However, Section (B) of the "Meal Period" provision (section "10"), allows by mutual agreement waiver of the second meal break for shifts up to 12 hours in length, if the first meal break was not waived (i.e. taken).

41.    Defendant consistently schedules bus operators for a single meal break in a work day, lasting ten, twelve hours and longer, without scheduling a second meal break.

42.    Additionally, Defendant schedules meal breaks in a fashion in which there is not sufficient time to clear the vehicle of passenger and then take full meal break.

43.    Additionally, Defendant requires bus operators to interrupt the meal breaks to relieve other bus operators. This often occurs by virtue of an operator having to return an employer owned car to another bus operator in the middle of a meal break.

44.    Bus Operators, including Plaintiff, have been and are regularly denied legally adequate meal breaks and are therefore owed missed meal period premium wages.

**Failure to Authorize and Permit Rest Breaks**:

45.    Transdev, Inc. has a policy and practice of failing to authorize and permit rest breaks as required by the Labor Code and Industrial Wage Order 9, and *Brinker v Superior Court* (2012) 53 Cal 4th 1004.

46.    IWC Wage Order 9, item 11 requires employers to authorize and permit off-duty rest periods during which an employee must be relieved of any and all work-related duties. *Brinker v Superior Court* (2012) 53 Cal 4th 1004; *Augustus v. ABM Security Services, Inc.* (2016) 2 Cal.5th 257, 269. Additionally, a lawful off-duty rest period is not provided where an employer fails to relinquish control over how employees spend their time. *Id*. Under Labor Code § 226.7, an employer is required to pay an employee one (1) additional hour of pay at the employee's regular rate of pay for each workday in which a lawful rest period was not provided. *See also* IWC Wage Order 9, item 11.

47.    Plaintiff asserts that Defendants have a practice and policy of failing to authorize or permit rest breaks. Plaintiff and similarly situated employees are owed unpaid rest period premiums.

48.    Defendants failed to authorize and permit rest breaks, by failing to schedule breaks in which a bus operator can leave a bus and be relieved of all duty. This is particularly true because bus operators cannot leave their assigned bus without first clearing the bus of passengers, and scheduled stops are not long enough to allow bus operators to clear their assigned vehicle of passengers and then take an uninterrupted break.

49.    Bus Operators, including Plaintiff, have and are regularly denied legally sufficient rest breaks, and are therefore owed missed break premium wages.

**Defendants failed to provide accurate wage statements:**

50.    Transdev fails to provide Bus Operators accurate wage statements and fails to record Bus Operators wages and hours are required by law.

51.    Labor Code § 226(a) requires employers to provide employees wage statements stating among other things hourly rates of pay, including overtime rates. Defendants failed to accurately record and state overtime and sick leave rates. This violates Labor Code §§ 226(a),(e). Labor Code section 226.3 provides penalties for failure to provide accurate wage statements.

52.     Section (B) of the "Records" provision of applicable IWC Wage Order requires recordation of hour and wages paid. Labor Code section 1174(d) states that an employer must keep, at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to, employees employed at the respective establishments. These records shall be kept on file for not less than three years. Labor Code section 1174.5 provides for a civil penalty of five hundred dollars ($500) for an employer who willfully fails to maintain the records pursuant to Labor Code section 1 174(d).

53.     Transdev fails to pay all hours worked; and therefore, fails to record and report all hours worked by Bus Operators. Transdev fails to pay overtime rates as required by law; and therefore, fails to record and report accurate rates of pay applicable to Bus Operators. Transdev fails to pay split-shift wages; and therefore, fails to record or report split-fee wages due to Bus Operators.

54.     Bus Operators, including Plaintiff, have been and continue to not be provided accurate wage statements, and therefore, are owed penalties under 226(a),(e).

**Defendants failure to pay all wages due at the time of the termination of employment:**

55.     The Defendants failed to pay Plaintiff and similarly situated employees all wages due upon termination in violation of Labor Code 201, 202, and 203. Plaintiff and similarly situated employees are due rest break premium wages, sick leave wages, and overtime.

56.     Common evidence exists to prove Defendants' Labor Code violations, for example, The Classes' wage statements and time detail records (showing daily clock in and clock out times).

57.     Because of Defendants' wage and hour violations, Plaintiff and The Class have suffered damages, and therefore bring this class action to enforce compliance of the Labor Code and to recover wages, restitution, civil penalties, and attorneys' fees and costs.

## CLASS ACTION ALLEGATIONS

58.     Plaintiff realleges and incorporates herein by reference each allegation in the preceding and subsequent paragraphs.

59.    Plaintiff brings this class action pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, on behalf of the following Class:

All current and former Bus Driver/Operator employees of Defendants who drove routes with stops in California during the Class Period.

60.    As used herein, the following terms have the meanings set forth below:

i.    "Bus Driver/Operator" means an employee whose duties include, in part, the operation of a passenger bus, in the course of Defendants' business of providing transportation to passengers by means of bus services.

ii.    "California Employees" means all Non-Exempt current and former employees of Transdev who were employed by Transdev in California during the Class Period.

iii.    "Former Employees" means all Non-Exempt former employees of Transdev who were, but no longer are, employed by Transdev in California during the Class Period.

iv.    "Non-Exempt" means employees that are not exempt from California wage and hour laws pursuant to Labor Code §515(a); 8 Cal. C. Regs. §11010, *et seq.*

v.    "Class Period" means the period within the four years of the filing of this Complaint through the date of final disposition of this action.

vi.    "The Class" means all "California Employees" and "Former Employees," who worked at least in part as bus drivers or operators during the Class Period.

vii.    Excluded from The Class are Defendants, their officers and directors, families and legal representatives, heirs, successors, or assigns and any entity in which Defendants have a controlling interest, and any Judge assigned to this case and their immediate families.

61.    Plaintiff reserves the right to amend or modify The Class description with greater specificity or further division into subclasses or limitation to particular issues.

### **Numerosity**

62.    The members of the Class are so numerous that joinder of all members is impracticable. The exact number or identification of Class members is presently unknown, but

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

it is believed that there are several thousand class members in the Class. The identity of the Class members is ascertainable and can be determined based on records maintained by Defendants.

63.     Based on information and belief, Defendants' employment records evidence the number and location of The Class.

<u>**Commonality and Predominance**</u>

64.     There are questions of law and fact common to The Class that predominate over any questions affecting only individual class members.  These common questions of law and fact include, without limitation:

(a)     Whether Defendants violated California Labor Code §§226.7, 512 and IWC Wage Order 9-2001, by failing to provide members of The Class legally sufficient meal periods;

(b)     Whether Defendants violated California Labor Code §226.7 and IWC Wage Order 9-2001, by failing to authorize and/or permit members of The Class with paid ten-minute rest periods for each four hours, or major fraction thereof, worked;

(c)     Whether Defendants violated California Labor Code § 1194 by failing to properly compensate members of The Class minimum wage and overtime.

(d)     Whether Defendants violated California Labor Code §§221, 222 by failing to pay all members of The Class all wages at the time of his or her discharge or within 72 of his or her resignation;

(e)     Whether Defendants failed to provide accurate itemized wage statements to The Class in violation of Labor Code §226 and IWC Wage Order 9-2001;

(f)     Whether Defendants failed to keep accurate time records, showing when the employee begins and ends each work period, including all meal periods, and wages paid each payroll period, as required by IWC Wage Order No. 9-2001;

(g)     Whether Defendants violated the UCL; and

(h)     Whether Plaintiff and The Class have been harmed and the proper measure of relief.

<u>**Typicality**</u>

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

65.     The claims of Plaintiff is typical of the claims of The Class.  Plaintiffs and all members of The Class sustained injuries and damages arising out of and caused by Defendants' common course of conduct in violation of laws, regulations that have the force and effect of law, and statutes as alleged.

### Adequacy of Representation

66.     Plaintiff will fairly and adequately represent and protect the interests of The Class.  Counsel who represents Plaintiff is competent and experienced in litigating large employment class actions.

### Superiority of Class Action

67.     A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of The Class is not practicable, and questions of law and fact common to The Class predominate over any questions affecting only individual members of The Class. Each member of The Class has been damaged and is entitled to recovery because of Defendants' uniform unlawful policy and/or practices described herein. There are no individualized factual or legal issues for the court to resolve that would prevent this case from proceeding as a class action. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

### FIRST CAUSE OF ACTION
**Failure to Pay all Regular, Minimum and Overtime Wages In Violation of Labor Code § 200, 210, 510, 515, 558, and 1194, 1194.2)**
**(Against All Defendants on Behalf of The Class)**

68.     Plaintiff realleges and incorporates herein by reference each allegation in the preceding and subsequent paragraphs.

69.     Labor Code section 1194(a) states "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest

thereon, reasonable attorney's fees and costs of suit." Liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon are provided for under Labor Code section 1194.2.

70.     Labor Code section 1197 states "The minimum wage for employees fixed by the commission or by any applicable state or local law, is the minimum wage to be paid to employees, and the payment of a lower wage than the minimum so fixed is unlawful."

71.     Labor Code section 1197.1 (a) states "Any employer or other person acting either individually or as an officer, agent, or employee of another person, who pays or causes to be paid to any employee a wage less than the minimum fixed by an applicable state or local law, or by an order of the commission shall be subject to a civil penalty, restitution of wages, liquidated damages payable to the employee, and any applicable penalties imposed pursuant to Labor Code §203..."

72.     As provided for in Section 1197.1(a)(1), for any initial violation that is intentionally committed, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee is underpaid. For each subsequent violation for the same specific offense, two hundred fifty dollars ($250) for each underpaid employee for each pay period for which the employee is underpaid regardless of whether the initial violation is intentionally committed.

73.     Labor Code section 1198 states "The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

74.     Section (B) of the "Minimum Wages" provision of the applicable IWC Wage Order states "Every employer shall pay to each employee, on the established payday for the period involved, not less than the applicable minimum wage for all hours worked in the payroll period, whether the remuneration is measured by time, piece, commission or otherwise."

75.     Labor Code section 510 requires overtime be paid after 8 hours in a day at the rate of no less than one and one-half times the regular rate of pay for an employee. Wage Order 9 at item 20 provides for the same requirement.

76.     Defendants routinely required Plaintiff and The Class to work more than eight (8) hours per day and/or forty (40) hours per week.

77.     Defendants failed to fully compensate Plaintiff and The Class for all hours worked by only paying estimates of time called "Paddles", which consistently and systematically under paid Plaintiff and the Class.

78.     Defendants simply failed to pay Plaintiff and The Class overtime premium wages despite Plaintiff and The Class consistently working over eight hours in a day, twelve hours in a day and forty hours in a week.

79.     Plaintiff is informed and believe, and thereon allege that the failure of Defendants to fully compensate Plaintiff and The Class for overtime work was willful, purposeful, and unlawful and done in accordance with the policies and practices of Defendants' operations.

80.     As a proximate cause of the aforementioned violations, Plaintiff and The Class have been damaged in an amount according to proof at time of trial.  Plaintiff and The Class are entitled to recover the unpaid balance of wages owed, penalties, including penalties available pursuant to California Labor Code section 558, plus interest, reasonable attorney fees and costs of suit according to the mandate of California Labor Code §§ 1194, *et. seq.*, and punitive damages for Defendants' oppressive, malicious, intentional, and fraudulent actions.

### SECOND CAUSE OF ACTION
#### Failure to Pay Split Shift Wages
**In Violation of Labor Code § 558, and section 4(c) of IWC Order 9.**
**(Against All Defendants on Behalf of The Class)**

81.     Plaintiff realleges and incorporates herein by reference each allegation in the preceding and subsequent paragraphs.

82.     IWC Wage Order 9, section 4(c) states:

> When an employee works a split shift, one (1) hour's pay at the minimum wage shall be paid in addition to the minimum wage for that workday, except when the employee resides at the place of employment.

83.    Defendants have and do consistently require or required Plaintiff and The Class to work shifts which included extended period of unpaid time not on duty followed by a return to duty in the same day.

84.    Defendants have filed to pay Split Shift wages as required by the IWC Wage Order 9, section 4(c).

**THIRD CAUSE OF ACTION**
**Failure to Provide Meal Periods**
**In Violation of Labor Code §§226.7 and 512**
**(Against All Defendants on Behalf of The Class)**

85.    Plaintiff realleges and incorporates herein by reference each allegation in the preceding and subsequent paragraphs.

86.    Plaintiff and The Class are members of the Transportation Industry governed by Wage Order No. 9.  Labor Code §512(a) and Subdivision 10(a) of Wage Order No. 9 state in pertinent part with regards to meal periods:

> An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes ….

> …. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes ….

Lab. Code §512(a); Wage Order No. 9, ¶10(A).

87.    Labor Code §226.7(c) states:

> If an employer fails to provide an employee a meal or rest or recovery period in accordance with a state law, including, but not limited to, an applicable statute or applicable regulation, standard, or order of the Industrial Welfare Commission … the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided.

Lab. Code §226(c); Wage Order No. 9, ¶10(B).

88.    Defendants violated Labor Code §512 and Wage Order No. 9 by failing to provide and/or precluding Plaintiff and The Class meal periods after the employees worked more than five hours by failing to schedule meal periods, failing to allow them to take uninterrupted

meal periods, and/or failing to provide them with one hour of additional wages at their regular rate of compensation for each work day that the meal periods were not provided.

89.     Defendants violated Labor Code §512 and Wage Order No. 9 by failing to provide and/or precluding Plaintiff and The Class meal periods after the employees worked more than ten hours by failing to schedule second meal periods, failing to allow them to take uninterrupted meal periods, and/or failing to provide them with one hour of additional wages at their regular rate of compensation for each work day that the meal periods were not provided.

90.     Because of the unlawful acts of Defendants, Plaintiff and The Class have been deprived of wages, which is an amount resulting directly from the acts complained of. Plaintiff and The Class are entitled to recover one additional hour of pay at his or her regular rate of compensation for each workday that the meal period was not provided, plus interest thereon and costs of suit in an amount to proven at or following trial of this matter. Lab. Code §226.7(c); Wage Order No. 9, ¶10(B).

**FOURTH CAUSE OF ACTION**
**Failure to Provide Rest Periods In Violation of Labor Code §226.7**
**(Against All Defendants on Behalf of The Class)**

91.     Plaintiff realleges and incorporates herein by reference each allegation in the preceding and subsequent paragraphs.

92.     Labor Code §226.7 states:

> (b)     An employer shall not require an employee to work during a meal or rest or recovery period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission ….

> (c)     If an employer fails to provide an employee a meal or rest or recovery period in accordance with a state law, including, but not limited to, an applicable statute or applicable regulation, standard, or order of the Industrial Welfare Commission … the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided.

Lab. Code §§226.7(b), (c); Wage Order No. 9, ¶11(B).

93.     Subdivision 11 of Wage Order No. 9 provides in pertinent part the following:

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

(A)    Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3½) hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages.

(B)    If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the rest period is not provided.

Wage Order No. 9, ¶11(A)-(B).

94.    Defendants violated Labor Code §226.7 and Wage Order No. 9 by failing to provide and/or precluded Plaintiff and The Class with rest periods by failing to schedule rest periods, failing to allow them to take rest periods, and failing to provide them with one hour of additional wages at their regular rate of compensation for each work day that the rest periods were not provided.

95.    Because of the unlawful acts of Defendants, Plaintiff and The Class have been deprived of wages, which is an amount resulting directly from the acts complained of. Plaintiff and The Class are entitled to recover one additional hour of pay at his or her regular rate of compensation for each workday that the rest period was not provided, plus interest thereon and costs of suit in an amount to be proven at or following trial of this matter. Wage Order No. 9, ¶12(B),

### FIFTH CAUSE OF ACTION
**Failure to Provide Accurate Itemized Wage Statements**
**In Violation of Labor Code §§226**
**(Against All Defendants on Behalf of The Class)**

96.    Plaintiff realleges and incorporates herein by reference each allegation in the preceding and subsequent paragraphs.

97.    Labor Code §226(a) states, *inter alia*, that employers "shall furnish" to its employees, an "accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee … (5) net wages earned, (6) inclusive dates of the period for

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

which the employee is paid, … (8) the name and address of the legal entity that is the employer, … and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee …."

98.    Defendants violated Labor Code §226(a) because they failed to furnish to Plaintiff and The Class accurate itemized statements in writing during each pay period. Defendants failed to accurately report on Plaintiff's and The Class' wage statements, *inter alia*: (1) gross wages earned; (2) net wages earned; (3) total hours worked by the employee; and (4) the name and address of the legal entity that is the employer.

99.    Each wage statement failed to identify Defendants' legal name, "U.S. HealthWorks, Inc." This violation applies to all California Employees.

100.    With respect to accurately reporting gross and net wages earned and the total hours worked by the employee, an employer must pay an employee all wages that are due for a pay period on the pay day for that pay period. Cal. Lab. Code §§204, *et seq.* Meal period premiums are "wages." *Murphy v. Kenneth Cole Productions, Inc.,* 40 Cal. 4th 1094, 1114, 155 P.3d 284 (Apr. 16, 2007) ("we hold … that the 'additional hour of pay' is a premium wage intended to compensate employees, not a penalty.").

101.    Under Labor Code §226.7, an employee is entitled to the additional hour of wages *immediately* upon being forced to miss a meal period. *Murphy,* 40 Cal. 4th at 1108 (Under section 226.7, "an employee is entitled to the additional hour of pay immediately upon being forced to miss a rest or meal period."). An employer must pay the premium "wage" for missed meal and rest periods on the payday for the pay period in which the meal and/or rest periods were missed. *Id.* (holding, "a payment owed pursuant to section 226.7 is akin to an employee's immediately entitlement to payment of wages or for overtime."); Lab. Code §204(a) (all wages are "due and payable twice during each calendar month ….")

102.    Defendants failed to pay Plaintiff and The Class the premium wages for missed meal and rest periods and failed to report the same on their respective wage statements and time records as required by Labor Code §226 and 8 Cal. Code Regs. §11050(7). Accordingly, because Defendants failed to accurately report Plaintiff's and the Class' meal and rest period

premium wages, they violated Labor Code §226 by failing to accurately report gross and net wages earned and total hours worked by the employees.

103.    In addition, Labor Code §1174(d) and Wage Order 9 require Defendants to maintain and preserve, in a centralized location, among other items, records showing the names and addresses of all employees employed, payroll records showing the hours worked daily by, and the wages paid to its employees. Lab. Code §1174(d); Wage Order 9, ¶6. The failure to comply with Labor Code §1174 is unlawful pursuant to Labor Code §1175(d).  Defendants knowingly and intentionally failed to comply with Labor Code §§226(a), 1174(d), and Wage Order No. 9, ¶6, by failing to maintain and provide Plaintiff and The Class with accurate payroll and time records.

104.    Labor Code §§226(e) and (h) provide for the remedy for wage statement violations:

> (e)    An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

> (h)    An employee may also bring an action for injunctive relief to ensure compliance with this section and is entitled to an award of costs and reasonable attorney's fees.

105.    By knowingly and intentionally failing to keep accurate time records as required by Labor Code §§226, 1174(d), and Wage Order No. 9, ¶6, Defendants have injured Plaintiff and The Class and made it difficult to calculate the unpaid wages owed, and losses and expenditures not indemnified by Defendants (including wages, interest and penalties thereon) due Plaintiff and The Class.

106.    Because of Defendants unlawful acts, Plaintiff and The Class are entitled to bring this action to recover damages, ensure compliance and recover costs and reasonable attorneys' fees. Lab. Code §226(e)-(h).

**SIXTH CAUSE OF ACTION**
**Failure to Timely Pay Wages Due In**
**Violation of Labor Code §§201 and 202**
**(Against All Defendants on**
**Behalf of former employees in The Class)**

107.    Plaintiff realleges and incorporate herein by reference each allegation in the preceding and subsequent paragraphs.

108.    Labor Code §201 provides in pertinent part: "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately…." Labor Code §201(a).

109.    Labor Code §202(a) provides, "If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting."

110.    Labor Code §203 provides in pertinent part: "If an employer willfully fails to pay … in accordance with Section[] 201 … any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid … but the wages shall not continue for more than 30 days."

111.    Defendants failed to pay earned wages to Plaintiff Lovejoy and members of The Class upon their termination and/or within 72 hours of the last day of their employment with Defendants. More than 30 days have passed since Plaintiff Lovejoy and members of The Class have been terminated and/or quit Defendants' employ.

112.    Because of Defendants' willful conduct in not paying all wages due upon discharge and/or resignation of employment, Plaintiff Lovejoy and The Class are entitled to 30-days' wages as a penalty under Labor Code §203, plus interest thereon. Pursuant to Labor Code §218.5, Plaintiff Lovejoy and The Class are also entitled to attorneys' fees and costs.

**SEVENTH CAUSE OF ACTION**
**Violation of The Unfair Competition Law Business &**

**Professions Code §17200, *et seq.***
**(Against All Defendants on Behalf of The Class)**

113.   Plaintiff realleges and incorporates herein by reference each allegation in the preceding and subsequent paragraphs.

114.   Defendants engaged in unlawful activity prohibited by Bus. & Prof. Code §17200, *et seq.* The actions of Defendants as alleged within this Complaint constitute unlawful and unfair business practices with the meaning of Bus. & Prof. Code §§17200, *et seq.*

115.   Defendants have conducted the following unlawful activities:

(a)   violations of Labor Code §§200, 210, and 1194, and Wage Order 9, ¶4 by failing to pay all hours worked by Plaintiff and The Class;

(b)   violations of Labor Code §§510, 515, 558 and Wage Order No. 9, ¶3 by failing to pay overtime and double time wages to Plaintiff and The Class;

(c)   violations of Wage Order 9, ¶4(c) by failing to pay split shift wages to Plaintiff and The Class, despite requiring Plaintiff and putative class members to work split-shifts (shifts with unpaid down time of two or more hours in it).

(d)   violations of Labor Code §§512 and 226.7, and Wage Order No. 9, ¶10, by failing to provide and/or precluding Plaintiff and The Class from taking a 30-minute restrictive-free meal period after working more than five hours per day and by failing to provide one hour of additional wages at Plaintiff's and the Classes' regular rates of compensation for each work day that the meal periods were not provided;

(e)   violations of Labor Code §226.7 and Wage Order 9, ¶11, by failing to provide and/or precluding Plaintiff and The Class rest periods and by failing to provide one hour of additional wages at Plaintiff's and The Classes' regular rates of compensation for each work day that the rest periods were not provided;

(f)   violations of Labor Code §§226, 1174, 1174.5, and Wage Order No. 9, ¶6, by failing to maintain and provide Plaintiff and The Class with accurate payroll and time records;

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

(g)     violations of Labor Code §§201, 202, and 203 by failing to pay earned wages to Plaintiff Lovejoy and The Class upon their termination and/or within 72 hours of the last day of their employment with Defendants;

(h)     violations of Labor Code §§210 and 558 for failing to timely pay Plaintiff and The Class all wages due and for violating the Labor Code section concerning working hours; and

(i)     And/or any other violations of applicable law and/or unfair and/or fraudulent practices arising from the allegations stated herein.

116.    Defendants' activities also constitute unfair practices in violation of Bus. & Prof. Code §§17200, *et seq.*, because Defendants' practices violate the above noted laws, and/or violate an established public policy, and/or the practice is immoral, unethical, oppressive, unscrupulous, and substantially injurious to Plaintiff and The Class.

117.    The identified violations of the Labor Code, Wage Order, Regulations, laws, and public policy constitute business practices because they were done repeatedly over time and in a systematic manner to the detriment of Plaintiff and The Class.

118.    Because of Defendants' violations of the Labor Code, Wage Order, Regulations, laws, and public policy, Plaintiff and The Class have suffered injury-in-fact and have lost money or property because of Defendants' practices. This injury-in-fact and loss of money or property consists of the lost wages and other restitutionary remedies provided by the Labor Code, Regulations, Wage Order, laws and public policy as detailed in this Complaint and other resulting harms. Plaintiff and The Class are entitled to restitution, an injunction, declaratory, and other equitable relief against such unlawful practices to prevent future damage for which there is no adequate remedy at law.

119.    As a direct and proximate result of the unfair business practices of Defendants, Plaintiff and The Class are entitled to equitable and injunctive relief, including full restitution of all wages which have been unlawfully lost as a result of the business acts and practices described herein and enjoining Defendants to cease and desist from engaging in the practices described

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

herein for the maximum time permitted pursuant to Bus. & Prof. Code §17208, including any tolling.

120.    The unlawful and unfair conduct alleged herein is continuing. Plaintiff believe and allege that if Defendants are not enjoined from the conduct set forth in this Complaint, it will continue to violate the noted laws.

121.    Plaintiff and The Class are also entitled to and hereby claim attorneys' fees and costs, pursuant to the private attorney general theory doctrine (Code of Civil Procedure §1021.5), and any other applicable provision for attorney fees and costs, based upon the violation of the underlying public policies.

## EIGHTH CAUSE OF ACTION
### Conversion In Violation of Cal. Civil Code §§ 3336, 3294
### (Against All Defendants on Behalf of The Class)

122.    Plaintiff realleges and incorporates herein by reference each allegation in the preceding and subsequent paragraphs.

123.    As alleged above, Defendants wrongfully withheld earned wages from Plaintiff and The Class. In particular, Defendants failed to pay for all hours worked, all overtime wages they earned, and all entitled meal premiums in the discharge of their duties for which they were entitled pursuant to the applicable employment laws and regulations.

124.    At all relevant times, Defendants had, and continue to have a legal obligation imposed by statute to pay Plaintiff and The Class all earned wages and other compensation due to them. Such wages and compensation belonged to Plaintiff and The Class at the time the labor and services were provided to Defendants and accordingly, such wages and compensation are the property of Plaintiff and The Class, not Defendants.

125.    Defendants knowingly and intentionally failed to pay Plaintiff and members of The Class all overtime compensation for overtime hours worked, knowingly and intentionally failed to compensate Plaintiff and The Class for all hours worked, and knowingly and intentionally failed to provide other compensation due to Plaintiff and members of The Class. Instead, Defendants converted Plaintiff's and The Class's rightfully earned wages to which they were entitled and converted them to Defendants' own use and benefit.

24

126.    Plaintiff and The Class have been injured by Defendants' intentional conversion of such wages and compensation.  Plaintiff and The Class are entitled to immediate possession of all amounts converted by Defendants, with interest, as well as any and all profits that Defendants acquired by their unlawful conversion.

127.    Defendants' actions constituting conversion were oppressive, malicious, and fraudulent, and were concealed by Defendants, and each of them, from Plaintiff and The Class as hereinbefore alleged. Plaintiff and The Class have been injured by Defendants' oppressive, malicious, intentional and fraudulent actions, entitling Plaintiff and The Class to punitive and exemplary damages.

## PRAYER FOR RELIEF

A.    WHEREFORE, Plaintiff and The Class prays for judgment as follows:

B.    That the Court determine that this action may be maintained as a class action with the named Plaintiff appointed as Class representatives;

C.    For the attorneys appearing on the above caption to be named Class counsel;

D.    For nominal, actual, exemplary, and compensatory damages, including lost wages, according to proof at trial;

E.    For restitution of all monies, wages, expenses, and costs due to Plaintiff and The Class;

F.    For disgorged profits from the unlawful and unfair business practices in violation of Bus. & Prof. Code §17200, *et seq.*;

G.    For reasonable attorneys' fees, costs and expenses pursuant to Labor Code §§218.5, 226, 1194.2, and Code of Civil Procedure §1021.5;

128.    For pre-judgment and post-judgment interest to the extent allowable by law;

129.    For all applicable penalties, whether civil or statutory, recoverable under Labor Code §§203, 210, 226, 558, and as otherwise authorized by statute or law.

A.    For an injunction restraining Defendants from continuing to engage in unlawful and unfair business practices in violation of Bus. & Prof. Code §17200, *et seq.*;

1  B.  Injunctive and/or declaratory relief regarding Defendants' violation of Labor

2 Code §206.5;

3  C.  For any other appropriate declaratory relief; and

4  D.  For all such other and further relief that the Court may deem just and proper.

6 Dated: February 24, 2023   **COAST LAW GROUP LLP**

8          By: _____

9          Helen I. Zeldes, Esq.
          Attorneys Plaintiffs and the Proposed Class

11 Dated: February 28, 2023   **HEWGILL COBB & LOCKARD**

16          By: _____

          Justin Hewgill. Esq.
          Attorneys Plaintiffs and the Proposed Class

19        **DEMAND FOR JURY TRIAL**

20  Plaintiff, individually, and on behalf of The Class, hereby demand a jury trial.

22 Dated: February 24, 2023   **COAST LAW GROUP LLP**

24          By: _____

25          Helen I. Zeldes, Esq.
          Attorneys Plaintiffs and the Proposed Class

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Dated: February 28, 2023                    **HEWGILL COBB & LOCKARD**

By: _____
    Justin Hewgill. Esq.
    Attorneys Plaintiffs and the Proposed Class

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF