UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHERISHA LOVEJOY, an individual, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TRANSDEV SERVICES, INC., et al.,<br><br>Defendants. | Case No.: 23-cv-00380-AJB-MMP<br><br>**ORDER DENYING IN PART PLAINTIFF'S MOTION TO SEAL**<br><br>**(Doc. No. 48)** |

Before the Court is Plaintiff Cherisha Lovejoy's ("Plaintiff") motion for leave to file documents under seal. (Doc. No. 48.) Defendant Transdev Services, Inc., ("Defendant") does not oppose.[1] For the reasons set forth below, the Court **DENIES IN PART** Plaintiff's motion.

**I.   BACKGROUND**

On February 27, 2023, Plaintiff filed a complaint against Defendant, alleging various violations of California labor laws with regard to the latter's treatment of Bus

---

[1] Defendant failed to file a response to the instant motion. *Contra* CivLR 7.1.f.3.a (requiring either an opposition or notice of non-opposition to be filed in response to any motion not filed jointly). The Court deems the instant motion unopposed. *See* CivLR 7.1.f.3.c.

1

Driver/Operator employees like Plaintiff. (Doc. No. 1.) After Defendant filed an answer (Doc. No. 4), the parties engaged in discovery regarding class certification. Early in the discovery window, Magistrate Judge Barbara Lynn Major entered a stipulated protective order at the request of the parties, which provided, *inter alia*, that any request to file a document under seal "must be narrowly tailored to seek sealing only of the confidential or privileged material." (Doc. No. 13 ¶ 12.)

On September 6, 2024, Plaintiff filed a motion for class certification (Doc. No. 46), a declaration in support of the motion (Doc. No. 50), and the instant motion to file under seal the entirety of Exhibit 4 and Exhibits 8 through 11 attached to the aforementioned declaration (Doc. Nos. 48 (motion to seal); 49 (lodged unredacted version); 50 (public redacted version)).

## II.    LEGAL STANDARD[2]

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents,'" which is "justified by the interest of citizens in 'keep[ing] a watchful eye on the workings of public agencies.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597, 598 (1978)). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). In order to overcome this strong presumption, the party seeking to seal a judicial record must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Id.* at 1178–79 (internal citations and quotation marks omitted). In balancing the competing interests

---

[2]    As the instant motion relates to sealing a filing in support of Plaintiff's motion for class certification, the compelling reasons standard—rather than the good cause exception—applies. *See, e.g.*, *Adtrader, Inc. v. Google LLC*, No. 17-CV-07082-BLF, 2020 WL 6391210, at *2 (N.D. Cal. Mar. 24, 2020) (collecting cases). As such, the Court will only address the applicable compelling reasons standard.

of the public and the party who seeks to keep secret judicial records, the court must "base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* at 1179.

"What constitutes a 'compelling reason' is 'best left to the sound discretion of the trial court.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (quoting *Nixon*, 435 U.S. at 599). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598). Compelling reasons also may exist if sealing is required to prevent documents from being used "as sources of business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598; *see e.g.*, *Cohen v. Trump*, No. 13-cv-2519-GPC-WVG, 2016 WL 3036302, at *5 (S.D. Cal. May 27, 2016) ("Where parties have been able to point to concrete factual information or expert testimony that the material sought to be sealed contained confidential business material, such as marketing strategies, product development plans, licensing agreements, and profit, cost, and margin data, courts have been willing to find that information confidential.") (collecting cases).

## III. DISCUSSION

Plaintiff seeks permission to seal five exhibits attached to the declaration of Justin Hewgill, Plaintiff's counsel, in support of the motion for class certification. (*See generally* Doc. No. 48.) The exhibits fall into three categories: (1) Plaintiff's wage statement (Exhibit 11); (2) paddle samples describing drivers' routes for a given workday (Exhibits 4, 8, and 9); and (3) an excerpt from Defendant's Visual Dispatch System ("VDS") User Manual (Exhibit 10). (*Id.*) The Court will address each category in turn.

### A. Plaintiff's Wage Statement (Exhibit 11)

Plaintiff seeks certification against Defendant for, *inter alia*, failure to provide accurate itemized wage statements in violation of California Labor Code § 226. (Doc. No.

46-1 at 15, 17–18, 27–30.) In support of this claim, Plaintiff provides one of her wage statements that includes personal identifying and financial information such as her address, marital status, pay and tax withholdings. (*See* Doc. Nos. 48-1 at 5; 49 at 141 (lodged); 50 at 99 (redacted).) In the instant motion, Plaintiff argues the wage statement should be sealed in its entirety because "[c]ourts have routinely found compelling reasons to seal personally identifiable information, such as names, addresses, phone numbers, and email addresses." (Doc. No. 48-1 at 5.)

The Court agrees with Plaintiff that there are compelling reasons to seal some of the information on Plaintiff's wage statement, specifically Plaintiff's salary information, marital status and address; however, the wage statement is pertinent to the merits of Plaintiff's § 226 claim and Plaintiff fails to provide any reason let alone a compelling one for why the document cannot be redacted. *See Hyams v. CVS Health Corp.*, No. 18-CV-06278-HSG, 2021 WL 1858296, at *2 (N.D. Cal. Mar. 18, 2021) (denying a motion to seal pay records attached to a motion for class certification because "at least some of the information in the pay records does not reflect [the plaintiff's] salary information" and so the request was not narrowly tailored nor were compelling reasons provided for "*each* fact for which sealing [wa]s sought") (emphasis in original); *Ehret v. Uber Techs., Inc.*, No. 14-CV-00113-EMC, 2015 WL 12977024, at *2 (N.D. Cal. Dec. 2, 2015) ("The Court finds that the majority of the document may be redacted—including the specific numbers, names, and earnings by the individual drivers—as this concerns privacy interests. However, the pertinent information at line 1 of every page, which labels the columns as 'net,' 'gross,' 'metered fare,' 'metered + 12% tip,' and 'minus 2% cc charge' should not be redacted, as this is relevant to the merits of the case.").

Accordingly, the Court **DENIES IN PART without prejudice** Plaintiff's motion with regard to Exhibit 11.

### B. Defendant's Paddle Samples (Exhibits 4, 8, and 9)

With regard to Plaintiff's claims that Defendant failed to pay wages, to provide rest breaks, and to provide meal periods, Plaintiff alleges that Defendant "systematically fails

to record actual time worked and compensate its bus drivers/operators, including Lovejoy, for all hours worked by . . . [*inter alia*] only paying estimates of time worked according to aspirational bus route schedules called 'paddles' or 'manifests[.]'" (Doc. No. 46-1 at 8.) Further, Plaintiff asserts that "Class members widely report working unpaid time before and after the preset 'theoretical' paddle time; having scheduled meal breaks on paddles be deducted from time worked even though Class members are often forced to miss or be late to their meal breaks; missing rest breaks altogether; not being paid meal and rest break premiums; and not being paid split shift premiums." (*Id.*) In support, Plaintiff provided 27 paddles in Exhibit 4, 1 paddle in Exhibit 8, and 12 paddles in Exhibit 9, all of which Plaintiff seeks the Court to seal in their entirety. (Doc. No. 48-1 at 2–3, 5–6.)

In the instant motion, Plaintiff argues that the paddles were designated confidential by Defendant, so Plaintiff is obligated to seek the Court to seal them. (*Id.* at 5.) More specifically, however, Plaintiff argues that sealing is warranted because "compelling reasons may exist where public disclosure of documents would harm a litigant's competitive standing." (*Id.* at 5–6 (citing cases regarding employee bonus programs and human resources policies and procedures).)

Neither Plaintiff nor Defendant provides any specific factual basis to support how disclosure of these paddles could harm Defendant's competitive standing, and the Court is precluded from granting Plaintiff's motion based only on its own conjecture. Because Plaintiff has failed to meet her burden in demonstrating compelling reasons exist to seal these exhibits, the Court **DENIES without prejudice** the instant motion with regard to Exhibits 4, 8, and 9.

### C. Excerpt of Defendant's User Manual (Exhibit 10)

Finally, Plaintiff seeks to seal Exhibit 10, which consists of a single excerpted page from Defendant's VDS User Manual. (Doc. No. 48-1 at 3, 5–6.) As with the paddles, Plaintiff asserts that compelling reasons exist because Defendant designated the document confidential and disclosure of documents may harm Defendant's competitive standing. (*Id.* at 5–6.)

5

As with Exhibits 4, 8, and 9, neither party provides any specific factual basis, beyond boilerplate statements of potential harm, to warrant sealing the excerpted page of Defendant's Manual. Moreover, in her motion for class certification, the only reference to Exhibit 10 is filed publicly, which undermines the instant request to seal the entire document. (*See* Doc. No. 46-1 at 9 ("Transdev's VDS Handbook expressly states that the VDS system's 'Check In/Check Out' ('CICO') is NOT a time keeping system (Hewgill Decl. ¶ 26 Ex. 10 at TSI.C.Lovejoy_0117007), putting the burden on the employee.").)

Because Plaintiff has failed to meet her burden to demonstrate compelling reasons exist to seal this exhibit, the Court **DENIES without prejudice** the instant motion with regard to Exhibit 10.

## IV. CONCLUSION

For the reasons stated above, the Court **DENIES IN PART without prejudice** Plaintiff's motion to file documents under seal. (Doc. No. 48.) No later than **December 9, 2024**, the parties **may FILE** a renewed motion to file under seal any information for which compelling reasons exist. If neither party timely files a renewed motion, then Plaintiff **must REFILE** the public version of Hewgill's declaration (Doc. No. 50), in compliance with the directives below, no later than **December 13, 2024**:

1. Publicly file Exhibits 4, 8–10, in their entirety, without redaction; and
2. Publicly file Exhibit 11 with redactions limited to Plaintiff's address, marital status, and the numeric values provided for rate of pay (all categories), "this period" earnings, gross pay (both categories), net pay, "checking 1," and taxes.

///
///
///
///
///
///

Any future motion to seal must comply with the stipulated Protective Order governing this case and the undersigned's Civil Case Procedures. *See* J. Battaglia Civ. Case Proc. § IV.3.

**IT IS SO ORDERED.**

Dated:  December 2, 2024

Hon. Anthony J. Battaglia
United States District Judge