UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHERISHA LOVEJOY, an individual, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TRANSDEV SERVICES, INC., et al.,<br><br>Defendants. | Case No.: 23-cv-00380-AJB-MMP<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO SEAL**<br><br>**(Doc. No. 73)** |

Before the Court is Plaintiff Cherisha Lovejoy's ("Plaintiff") motion for leave to file documents under seal.[1] (Doc. No. 73.) Defendant Transdev Services, Inc., ("Defendant") does not oppose. (*See* Doc. No. 78.) For the reasons set forth below, the Court **GRANTS** Plaintiff's motion.

**I.   BACKGROUND**

On August 25, 2025, Plaintiff filed a renewed motion for class certification (Doc. No. 75), to which Plaintiff attached the Declaration of Justin Hewgill in support of the motion (Doc. No. 75-2), filed the instant motion to seal portions of the Hewgill Declaration

---

[1]   Pursuant to Civil Local Rule 7.1.d.1, the Court finds the motions suitable for determination on the papers and without oral argument.

1

(Doc. No. 73), and lodged the unredacted version of the Hewgill Declaration (Doc. No. 74). Defendant timely filed a notice of non-opposition. (Doc. No. 78.)

## II.     LEGAL STANDARD[2]

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents,'" which is "justified by the interest of citizens in 'keep[ing] a watchful eye on the workings of public agencies.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597, 598 (1978)). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). In order to overcome this strong presumption, the party seeking to seal a judicial record must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Id.* at 1178–79 (internal citations and quotation marks omitted). In balancing the competing interests of the public and the party who seeks to keep secret judicial records, the court must "base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* at 1179.

"What constitutes a 'compelling reason' is 'best left to the sound discretion of the trial court.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (quoting *Nixon*, 435 U.S. at 599). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or

---

[2]    As the instant motion relates to sealing a filing in support of Plaintiff's renewed motion for class certification, the compelling reasons standard—rather than the good cause exception—applies. *See, e.g.*, *Adtrader, Inc. v. Google LLC*, No. 17-CV-07082-BLF, 2020 WL 6391210, at *2 (N.D. Cal. Mar. 24, 2020) (collecting cases). As such, the Court will only address the applicable compelling reasons standard.

release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598). Compelling reasons also may exist if sealing is required to prevent documents from being used "as sources of business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598; *see e.g.*, *Cohen v. Trump*, No. 13-cv-2519-GPC-WVG, 2016 WL 3036302, at *5 (S.D. Cal. May 27, 2016) ("Where parties have been able to point to concrete factual information or expert testimony that the material sought to be sealed contained confidential business material, such as marketing strategies, product development plans, licensing agreements, and profit, cost, and margin data, courts have been willing to find that information confidential.") (collecting cases).

## III. DISCUSSION

Plaintiff seeks permission to seal portions of Exhibit 1 to the Hewgill Declaration. (*See generally* Doc. No. 73.) Specifically, Plaintiff requests the Court seal the names, salary information, marital status and addresses of absent class members as displayed on the thirty-four wage statements. (*Id.*) Initially, the wage statements were designated by Defendant as "Confidential"; however, prior to filing the instant motion, Plaintiff received Defendant's consent to publicly file these wage statement with redactions consistent with the Court's prior sealing order. (*Id.* at 4 (citing Doc. No. 61 at 3–4).) Citing the narrowly tailored nature of the instant request, Plaintiff argues "[c]ourts have routinely found compelling reasons to seal personally identifiable information, such as names, addresses, phone numbers, and email addresses." (*Id.* at 4–5 (collecting cases).)

The protection of absent class member privacy is a compelling reason to seal their names, salary information, marital status, and addresses. *See, e.g.*, *UnifySCC v. Cody*, No. 22-CV-01019-BLF, 2023 WL 7170265, at *1 (N.D. Cal. Oct. 30, 2023) ("Other courts have found compelling reasons to seal personally identifying information, such as names, addresses, phone numbers, and email addresses.") (collecting cases); *Canchola v. Allstate Ins. Co.*, No. 8:23-CV-00734-FWS-ADS, 2024 WL 5275024, at *3 (C.D. Cal. Oct. 8, 2024) ("[C]ourts frequently seal personal contact information, such as email addresses and phone numbers, especially for third parties.") (collecting cases). Moreover, Plaintiff

proffers the wage statements to demonstrate that Defendant issues uniform wage statements across all locations. (*See* Doc. No. 75 at 3–6.) The personally identifiable information Plaintiff seeks to seal is not relevant to the motion, while the relevant information—how Defendant identifies itself and the format of the wage statements—is not redacted. *E.g.*, *Weidenhamer v. Expedia, Inc.*, No. C14-1239RAJ, 2015 WL 7157282, at *2 (W.D. Wash. Nov. 13, 2015).

Accordingly, the Court **GRANTS** Plaintiff's motion.

## IV. CONCLUSION

For the reasons stated above, the Court **GRANTS** Plaintiff's motion to file documents under seal. (Doc. No. 73.) The Clerk of Court is **DIRECTED to seal** the information currently lodged at Document Number 74.

**IT IS SO ORDERED.**

Dated: September 15, 2025

Hon. Anthony J. Battaglia
United States District Judge