UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHERISHA LOVEJOY, an individual, on behalf of herself and all others similarly situated,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>TRANSDEV SERVICES, INC., et al.,<br><br>　　　　　　　　　　　　Defendants. | Case No.: 23-cv-00380-AJB-MMP<br><br>**ORDER GRANTING PLAINTIFF'S RENEWED MOTION FOR CLASS CERTIFICATION**<br><br>**(Doc. No. 75)** |

　　　Presently before the Court is Plaintiff Cherisha Lovejoy's ("Plaintiff") renewed motion for class certification. (Doc. No. 75.) Defendant Transdev Services, Inc. ("Defendant") filed an opposition (Doc. No. 79), to which Plaintiff replied (Doc. No. 82). Pursuant to Civil Local Rule 7.1.d.1, the Court deems this motion suitable for determination on the papers and without need for oral argument. For the reasons set forth below, the Court **GRANTS** Plaintiff's motion.

I.　　PROCEDURAL BACKGROUND

　　　On August 11, 2025, the Court granted in part Plaintiff's first motion for class certification, certifying Plaintiff's first, second, third, fourth, seventh and eighth causes of action. (Doc. No. 72.) The Court denied without prejudice the motion with regard to the

fifth and sixth causes of action. (*Id.*)

Plaintiff's fifth cause of action asserts Defendant violated California Labor Code § 226 by failing to provide accurate itemized wage statements. (Doc. No. 1, Complaint ("Compl."), ¶¶ 96–106.) As one component of that claim, Plaintiff proffered a sample wage statement to support the allegation that "[e]ach wage statement failed to identify Defendants' legal name, 'U.S. HealthWorks, Inc.' This violation applies to all California Employees." (*Id.* ¶ 99.) Because Plaintiff neither asserted nor proffered evidence demonstrating that Defendant issues uniform wage statement for all operators across all locations, the Court found that Plaintiff had not carried her burden to establish predominance. (Doc. No. 72 at 24–25.)

Plaintiff's sixth cause of action asserts Defendant failed to pay all wages due upon termination, in violation of the California Labor Code § 203. (Compl. ¶¶ 107–12.) Because this cause of action is brought only on behalf of former employees and Plaintiff did not seek to certify a subclass of former workers, the Court found that the over-inclusivity of the class definition undermined commonality and predominance. (Doc. No. 72 at 25–26.)

On August 25, 2025, Plaintiff timely filed the instant motion seeking certification of the fifth and sixth causes of action. (Doc. No. 75.)

## II.  LEGAL STANDARD

Class actions are the "exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only." *Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013) (quoting *Califano v. Yamasaki*, 442 U.S. 682, 700–01 (1979)). "To certify a class, plaintiffs bear the burden of satisfying each of the four requirements of Federal Rule of Civil Procedure 23(a)—numerosity, commonality, typicality, and adequacy—and at least one requirement of Rule 23(b)."[1] *Small v. Allianz Life Ins. Co. of N. Am.*, 122 F.4th 1182, 1197 (9th Cir. 2024). "To make their required showing, plaintiffs 'must actually *prove*—

---

[1] All further references to Rule or Rules are to the Federal Rules of Civil Procedure unless otherwise stated.

not simply plead—that their proposed class satisfies each requirement of Rule 23 . . . .'" *White v. Symetra Assigned Benefits Serv. Co.*, 104 F.4th 1182, 1192 (9th Cir. 2024) (quoting *Halliburton Co. v. Erica P. John Fund, Inc.*, 573 U.S. 258, 275 (2014)).

Under Rule 23(a), a case is appropriate for certification as a class action if: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). The Rule 23(a) requirements "effectively limit the class claims to those fairly encompassed by the named plaintiff's claims." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349 (2011) (*General Tel. Co. v. Falcon*, 457 U.S. 147, 156 (1982)).

"In addition to satisfying Rule 23(a)'s prerequisites, parties seeking class certification must show that the action is maintainable under Rule 23(b)(1), (2), or (3). *Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 614 (1997). Relevant here, pursuant to Rule 23(b)(3), "[a] class action may be maintained if Rule 23(a) is satisfied and if . . . the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

Because "[c]lass certification is . . . not to be granted lightly[,] . . . Rule 23 mandates that district courts 'rigorous[ly] analy[ze]' whether a proposed class meets various requirements." *Black Lives Matter L.A. v. City of L.A.*, 113 F.4th 1249, 1258 (9th Cir. 2024) (quoting *Comcast*, 569 U.S. at 33) (alterations in original).

### III.   DISCUSSION

With regard to the fifth cause of action, Plaintiff seeks to certify the following class:

> All current and former California Bus Driver/Operator employees of Transdev Services, Inc. who drove routes with stops in California during the period from February 27, 2022 through the present ("Class Period").

1  (Doc. No. 75 at 7–8; *see also* Compl. ¶¶ 59, 60(v).) With regard to the sixth cause of action, Plaintiff seeks certification of the following class:

> All former California Bus Driver/Operator employees of Transdev Services, Inc. who drove routes with stops in California during the period from February 27, 2019 through the present ("Class Period").

(Doc. No. 75 at 8; *see also* Compl. ¶¶ 59, 60(v).) Excluded from the putative class in both instances are "any of Defendant's officers, directors, legal representatives, heirs, successors, or assigns, and any entity in which Transdev has a controlling interest." (Doc. No. 75-1 at 1.) Plaintiff also moves the Court for an order appointing her as class representative for these causes of action and appointing Hewgill Cobb & Lockard, APC and Schonbrun Seplow Harris Hoffman & Zeldes, LLP as class counsel. (*Id.*)

Defendant opposes Plaintiff's motion on two narrow grounds: (1) Plaintiff fails to provide sufficient evidence that Defendant's wage statement did not display an improper name, and (2) the amended class definition for the sixth cause of action is overbroad because it exceeds the applicable statute of limitations. (Doc. No. 79.)

As the Court has previously found the Rule 23(a) prerequisites of numerosity, typicality, and adequacy and Rule 23(b) superiority requirements met for the causes of action at issue, the Court addresses only the outstanding issues of commonality and predominance.

### A. Class Definitions

In opposing Plaintiff's renewed motion for class certification of the sixth cause of action, Defendant asserts that the proposed subclass is overbroad. (Doc. No. 79 at 4.) Specifically, the proposed class period spans four years prior to filing of the Complaint, but the applicable statute of limitations is three years. (*Id.*) In response, Plaintiff requests the Court amend the proposed definition to comply with the time period Defendant identifies. (Doc. No. 82 at 7–8.)

District courts have the inherent power to modify class definitions. *See Mazur v. eBay Inc.*, 257 F.R.D. 563, 568 (N.D. Cal. 2009) (citing *Hagen v. City of Winnemucca*, 108

F.R.D. 61, 64 (D. Nev. 1985)); *see also Powers v. Hamilton Cnty. Pub. Def. Comm'n*, 501 F.3d 592, 619 (6th Cir. 2007) ("[D]istrict courts have broad discretion to modify class definitions . . . ."); *Schorsch v. Hewlett–Packard Co.*, 417 F.3d 748, 750 (7th Cir. 2005) (noting that "[l]itigants and judges regularly modify class definitions").

First, in accord with the Court's prior Order and the renewed motion for class certification, and absent opposition from Defendant on the matter, the Court **MODIFIES** the class definitions for the fifth and sixth causes of action to restrict the Class to Bus Driver/Operator employees exclusively in California for both causes of action and to former employees only for the sixth cause of action. (*See* Doc. No. 75 at 7–8.)

Second, the Court **MODIFIES** the "Sub-Class Period" applicable to the sixth cause of action as commencing on February 27, 2020.

**B.     Sixth Cause of Action**

Plaintiff sixth cause of action is derivative of the other wage claims that the Court already certified. (*See* Compl. ¶¶ 107–12 (failure to pay wages due upon termination); Doc. No. 72 at 25–26.) However, the Court previously held that the proposed class definition, which included *current* and former employees, was overinclusive. (Doc. No. 72 at 26.) By restricting the definition to former employees, the overinclusivity that undermined commonality and predominance for the sixth cause of action has been resolved. *See, e.g.*, *Perez v. Leprino Foods Co.*, No. 117CV00686AWIBAM, 2021 WL 53068, at *13 (E.D. Cal. Jan. 6, 2021).

Because the sixth cause of action is derivative of Plaintiff's labor code violation claims, which the Court has previously deemed suitable for class treatment, and considering the amended subclass definition, the Court finds the sixth cause of action similarly suitable for certification. *See Norris-Wilson v. Delta-T Grp., Inc.*, 270 F.R.D. 596, 611 (S.D. Cal. 2010) ("Because the Court has found that some of those claims can be resolved on a class-wide basis—the overtime compensation claim, for example—the unfair business practices claim can also be so resolved."). Accordingly, the Court **GRANTS** Plaintiff's renewed motion as to the sixth cause of action.

### C. Fifth Cause of Action

Plaintiff's fifth cause of action asserts Defendant violated the California Labor Code by failing to provide accurate itemized wage statements. (Compl. ¶¶ 96–106.) Although Defendant notes the distinction between the derivative and non-derivative portions of this cause of action, Defendant's argument does not expressly oppose certification of the derivative claims. (*See generally* Doc. No. 79.) To the extent this cause of action is derivative of Plaintiff's off-the-clock work, meal break, rest break, and split shift premium claims, certification is proper as the Court has certified the underlying claims, Plaintiff has demonstrated standardized wage statements, and Defendant offers no counterargument. *See Norris-Wilson*, 270 F.R.D. at 611.

With regard to the non-derivative claim, Defendant opposes certification of this cause of action on the basis that "the wage statements Plaintiff offers . . . do not show uniform proof of violations, but rather nearly uniform compliance." (Doc. No. 79 at 3.) However, Defendant's argument goes to the merits of Plaintiff's claim, not whether it is susceptible to common proof. *See Jimenez v. Allstate Ins. Co.*, 765 F.3d 1161, 1166 n.5 (9th Cir. 2014) ("Whether any of these common questions are ultimately resolved in favor of either side is immaterial at this class certification stage, where we determine whether any answer that the questions could produce will drive resolution of the class' claims."); *see also Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651, 666–67 (9th Cir. 2022) ("In determining whether the 'common question' prerequisite is met, a district court is limited to resolving whether the evidence establishes that a common question is *capable* of class-wide resolution, not whether the evidence in fact establishes that plaintiffs would win at trial."). Accordingly, Defendant's argument regarding uniform compliance "is appropriately made at trial or at the summary judgment stage, as it goes to the merits of [P]laintiff[']s] claim." *Jimenez*, 765 F.3d at 1166 n.5.

Defendant argues in a footnote that there is a "lack of uniformity" and "variation in wage statements across locations and time periods[,] mak[ing] it impossible to provide common proof of violation[.]" (Doc. No. 79 at 3 n.2.) However, from the Court's review,

the wage statements appear uniform in structure across time and locations, with the exception of two wage statements from the South San Francisco location. (*See* Doc. Nos. 75-3 (public); 81-1 (sealed).) Defendant correctly identifies that the South San Francisco wage statements are from before Plaintiff's proposed class period, asserting that "this choice to use time-barred wage statements is likely deliberate because later sampled wage statements for the same employees at that same location list 'Transdev Services, Inc.' as the employer." (Doc. No. 79 at 3; *see also* Doc. No. 79-2 (wage statements from South San Francisco within the proposed class period).) Considering the wage statements within the proposed class period proffered by both Plaintiff and Defendant, the Court is satisfied that the common question of whether Defendant's wage statements comply with California Labor Code § 226 is capable of class-wide proof and will predominate for the fifth cause of action. *See, e.g.*, *Cabrales v. BAE Sys. San Diego Ship Repair, Inc.*, No. 21-CV-02122-AJB-DDL, 2023 WL 8458247, at *19 (S.D. Cal. Dec. 6, 2023) (finding common issues predominate where "the employer provides its employees with wage statements in substantially the same format") (citation omitted); *Aguirre v. Genesis Logistics*, No. SACV1200687JVSANX, 2013 WL 12129648, at *9 (C.D. Cal. Mar. 26, 2013) (finding commonality and predominance met where the employer provided "standardized" wage statements "produced subject to a common policy"); *Wren v. RGIS Inventory Specialists*, 256 F.R.D. 180, 209 (N.D. Cal. 2009) ("[T]here is a common question that predominates, namely, does the standardized wage form that is used by [the defendant] for all of its employees comply with the requirements of California Labor Code § 226 that employers must provide properly itemized wage statements.").

Accordingly, the Court **GRANTS** Plaintiff's renewed motion as to the fifth cause of action.

///

///

///

///

## IV. CONCLUSION

Based on the foregoing, the Court **GRANTS** Plaintiff's renewed motion. With regard to the fifth cause of action, the Court certifies the following class pursuant to Rule 23(b)(3):

> All current and former California Bus Driver/Operator employees of Transdev Services, Inc. who drove routes with stops in California during the period from February 27, 2022 through the present ("Class Period").

With regard to the sixth cause of action, the Court certifies the following class pursuant to Rule 23(b)(3):

> All former California Bus Driver/Operator employees of Transdev Services, Inc. who drove routes with stops in California during the period from February 27, 2020 through the present ("Sub-Class Period").

The Court appoints named Plaintiff Cherisha Lovejoy as class representative and appoints Hewgill Cobb & Lockard, APC and Schonbrun Seplow Harris Hoffman & Zeldes, LLP to serve as class counsel.

**IT IS SO ORDERED.**

Dated: October 7, 2025

Hon. Anthony J. Battaglia
United States District Judge