UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHERISHA LOVEJOY, an individual, on behalf of herself and all others similarly situated,<br><br>                      Plaintiff,<br><br>v.<br><br>TRANSDEV SERVICES, INC., et al.,<br><br>                      Defendants. | Case No.: 23-cv-00380-AJB-MMP<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO STAY PARALLEL CALIFORNIA STATE COURT PROCEEDINGS**<br><br>**(Doc. No. 85)** |

Before the Court is a motion to stay five California Superior Court proceedings[1] pursuant to the All Writs Act, 28 U.S.C. § 1651, filed by Plaintiff Cherisha Lovejoy ("Plaintiff"). (Doc. Nos. 85; 102.) Defendant Transdev Services, Inc. ("Defendant") opposes the motion. (Doc. Nos. 96; 107.) For the reasons set forth herein, the Court **DENIES** Plaintiff's motion.

---

[1] The five actions are: (1) *Reese v. Veolia Transportation, et al.*, No. 21STCV29413 (Cal. Super. Ct.); (2) *Diaz v. Transdev North America, Inc., et al.*, No. 22STCV32496 (Cal. Super. Ct.); (3) *Reese v. Veolia Transportation, et al.*, 21STCV36076 (Cal. Super. Ct.); (4) *Diaz v. Transdev North America, Inc., et al.*, No. 22STCV38405 (Cal. Super. Ct.); and (5) *Brown v. Transdev*, No. 23AHCV02160 (Cal. Super. Ct.).

## I. BACKGROUND

On February 27, 2023, Plaintiff filed the instant wage and hour class action, alleging that Defendant, a private operator of California municipal buses, violated various California labor laws with regard to Bus Driver/Operator employees like Plaintiff.[2] (Doc. No. 1.) After Defendant filed an answer (Doc. No. 4), the parties attended an Early Neutral Evaluation Conference ("ENE") before U.S. Magistrate Judge Barbara Lynn Major. (Doc. No. 10.) When the parties failed to settle, Judge Major issued a Scheduling Order, and the parties began to engage in discovery regarding class certification. (Doc. No. 11.)

On August 11, 2025, the Court granted in part Plaintiff's initial motion for class certification and certified Plaintiff's first, second, third, fourth, seventh and eighth causes of action.[3] (Doc. No. 72.) After full briefing on Plaintiff's renewed motion, the Court certified the fifth and sixth causes of action.[4] (Doc. No. 87.)

On October 6, 2025, Plaintiff filed the instant motion to stay. (Doc. No. 85.) Three days later, Plaintiff filed a proposed class notice plan for the Court's approval (Doc. No. 91), which Defendant opposed (Doc. No. 92). The Court rejected Plaintiff's notice for violating the Civil Local Rules and issued a briefing schedule for any future class notice plan. (Doc. No. 95.)

///

---

[2] Specifically, Plaintiff alleges: (1) failure to pay all regular, minimum and overtime wages; (2) failure to pay split shift wages; (3) failure to provide meal periods; (4) failure to provide rest periods; (5) failure to provide accurate itemized wage statements; (6) failure to timely pay wages due; (7) violation of California's Unfair Competition Law; and (8) conversion. (*See generally* Compl.)

[3] For these causes of action, the certified class is defined as: "All current and former California Bus Driver/Operator employees of Transdev Services, Inc. who drove routes with stops in California during the period from February 27, 2019 through the present[.]" (Doc. No. 72 at 28.)

[4] The certified class for the fifth cause of action is defined as: "All current and former California Bus Driver/Operator employees of Transdev Services, Inc. who drove routes with stops in California during the period from February 27, 2022 through the present[.]" (Doc. Nos. 87 at 8.) For the sixth cause of action, the certified class is defined as: "All former California Bus Driver/Operator employees of Transdev Services, Inc. who drove routes with stops in California during the period from February 27, 2020 through the present[.]" (*Id.*)

On October 21, 2025, Defendant filed an opposition to the instant motion (Doc. No. 96), which was subsequently joined by David Reese, Isaac Kharaud, Patricia Brown, and Victor Diaz, the named plaintiffs in the parallel state court actions (Doc. No. 101). Plaintiff filed a reply (Doc. No. 102), and Defendant filed a sur-reply with leave of the Court (Doc. No. 107).

## II.     LEGAL STANDARD

The All Writs Act authorizes district courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). "The All Writs Act is limited by the Anti–Injunction Act, which prevents a federal court from enjoining the 'proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.'" *Sandpiper Vill. Condo. Ass'n. v. Louisiana-Pac. Corp.*, 428 F.3d 831, 842 (9th Cir. 2005) (quoting 28 U.S.C. § 2283). "[Because] the statutory prohibition against such injunctions in part rests on the fundamental constitutional independence of the States and their courts, the exceptions should not be enlarged by loose statutory construction." *Atl. Coast Line R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 287 (1970); *see also Sandpiper Vill. Condo. Ass'n.*, 428 F.3d at 842 ("Rooted firmly in constitutional principles, the Act is designed to prevent friction between federal and state courts by barring federal intervention in all but the narrowest of circumstances.").

"The Act creates a presumption in favor of permitting parallel actions in state and federal court." *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 806 (9th Cir. 2002), *as amended on denial of reh'g* (May 15, 2002). As such, "[d]oubts as to the appropriateness of an injunction should be 'resolved in favor of permitting the state courts to proceed in an orderly fashion to finally determine the controversy.'" *Bechtel Petroleum, Inc. v. Webster*, 796 F.2d 252, 253 (9th Cir. 1986) (quoting *Vendo Co. v. Lektra-Vend Corp.*, 433 U.S. 623, 630 (1977) (plurality opinion)). "[A] decision whether to enjoin a state court proceeding pursuant to the narrow exceptions in the Anti-Injunction Act is committed to the discretion of the district court." *Id.*

### III. MOTION TO STAY PARALLEL STATE COURT PROCEEDINGS

Arguing the jurisdictional necessity exception to the Anti-Injunction Act, Plaintiff asks this Court to "issue an injunction . . . carefully tailored to prevent the plaintiffs in the parallel state court actions from moving to certify or certify for settlement purposes classes of Defendant Transdev's California employees—unless the state plaintiff putative class representative's motions specifically exclude Lovejoy's Class's absent members from any requested certification order." (Doc. No. 85-1 at 12.) In support of her stance, Plaintiff argues that this action is further along than the previously filed actions, specifically this is the only action with a certified class so far, and that the imminent settlement of the other actions would "threaten this Court's class certification Order and ensuing Orders." (*Id.* 8, 13, 15; *see also* Doc. No. 102 at 3–4.) Finally, Plaintiff argues that "comity calls for the dismissal of the first-filed action when the second-filed matter has proceeded far beyond a first-filed matter[.]" (Doc. No. 85-1 at 14–15.)

In opposition, Defendant argues that none of the exceptions to the Anti-Injunction Act apply. (*See generally* Doc. No. 96.) With regard to the second exception, Defendant asserts that because "this case is not an MDL case, discovery is not complete, and no class settlement is imminent" application of the exception "would expand the reach of the All Writs Act[.]" (*Id.* at 13–15.) Additionally, Defendant asserts that "consideration of comity and federalism weighs in favor of honoring the state court proceeding" and that the first-to-file rule exception applies between federal courts, which is not the case here. (*Id.* at 18–19.)

"The second exception to the Anti–Injunction Act authorizes injunctive relief 'to prevent a state court from so interfering with a federal court's consideration or disposition of a case as to seriously impair the federal court's flexibility and authority to decide that case.'" *Sandpiper Vill. Condo. Ass'n.*, 428 F.3d at 843 (quoting *Atl. Coast Line*, 398 U.S. at 295); *see also Bennett*, 285 F.3d at 806 ("Parallel in personam actions in state court seriously impede a federal court's ability to adjudicate a case only where the state court proceeding threatens to render the exercise of the federal court's jurisdiction nugatory.").

"Thus, there are only very limited circumstances where such a threat exists in personam cases." *Id.* (collecting cases). "In general, the necessary-in-aid-of-jurisdiction exception applies to in rem proceedings where the federal court has jurisdiction over the res and the state court proceedings might interfere with that[, b]ut that principle does not authorize interference with parallel in personam state actions merely because the state courts might reach a conclusion before the district court does." *Negrete v. Allianz Life Ins. Co. of N. Am.*, 523 F.3d 1091, 1101 (9th Cir. 2008).

In *Negrete*, the Ninth Circuit surveyed "the considerations that have induced courts to issue injunctions despite the strictures of the Anti-Injunction Act[.]" *Id.* at 1103. There the Circuit found an injunction tailored to prevent settlement of a state court action that could "draw the fangs from at least of portion of the class action case that [the district court] was then considering" was improper because "[the action] was not an MDL case; discovery was not complete; no class settlement was imminent, in fact, as far as the record shows no serious settlement progress had been made; and, finally, there was no evidence of collusive procedures, reverse auction or otherwise, even assuming that the existence of those would justify an injunction of state proceedings." *Id.*

The crux of Plaintiff's justification for why this instant action warrants protection is this Court's certification orders. However, to achieve certification, Plaintiff had to demonstrate that "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy," considering (1) the interest of class members individually controlling the prosecution or defense of separate actions; (2) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (3) the desirability of concentrating the litigation of the claims in this particular forum; and (4) the manageability of the action as a class. Fed. R. Civ. P. 23(b)(3)(A)–(D). The Court in its certification order noted that "[t]hough light on analysis, Plaintiff assert[ed] that one trial resolving all claims, instead of hundreds of trials, is superior and that a class-wide action would be manageable because damages will be assessed based on Transdev's own time and pay records," while "Defendant d[id] not

dispute superiority." (Doc. No. 72 at 27 (citations omitted).) This Court then made a finding of superiority on the basis that "**[t]here is no indication that the putative class members have brought related litigation against Defendant or have any interest in asserting these claims on an individual basis**" and "these claims are well-suited for class adjudication through use of schedules, policies, data and records in Defendant's possession as common sources of proof." (*Id.* (emphasis added).)

At the time Plaintiff filed for certification, she was clearly aware of the parallel state court actions she here seeks to enjoin. For example, in her reply, Plaintiff delineates discussions with Defense Counsel regarding the status of the other actions dating back to at least September 18, 2023. (*See* Doc. No. 102 at 8.) Moreover, Plaintiff proffers evidence that her ex parte application to intervene prior to mediation in the *Reese* action was denied on May 3, 2024, by the Honorable Carolyn B. Kuhl. (Doc. No. 102-1.) Defendant states that it "alerted Plaintiff to efforts to resolve the overlapping cases, including *Reese*, in July 2023. (Doc. No. 107 at 3.) The existence of first-filed actions that have now preliminarily reached settlement undermine the Court's finding of superiority and call into question Plaintiff Counsel's candor to the tribunal. Due to Plaintiff's misrepresentation through omission of facts that may have had an effect on whether Plaintiff met her burden to demonstrate certification is proper in this case, the Court declines to consider certification of the instant action as evidence of its comparatively advanced stage of litigation.

As noted by Defendant (*see* Doc. No. 96 at 16–17) and based on the Court's own review, typically "[t]he only circumstance in which federal courts typically enjoin their state counterparts on jurisdictional grounds is when a final disposition of a complex litigation is imminent, and injunction of the state action is necessary to effectuate the settlement or judgment." *In re Lendingclub Sec. Litig.*, 282 F. Supp. 3d 1171, 1191 (N.D. Cal. 2017) (collecting cases); *see e.g.*, *Bennett*, 285 F.3d at 806 (injunctions found proper where necessary to effectuate a settlement agreement over which the district court has jurisdiction, to preserve the integrity of exclusive federal question jurisdiction, in multi-district litigation, and in school desegregation case); *In re Manufacturers Life Ins. Co.*

*Premium Litig.*, No. 96-CV-00230-BTM-AJB, 2008 WL 4950939 (S.D. Cal. Nov. 18, 2008) (enjoining state court plaintiffs from pursuing claims released by a class action settlement approved by the district court in order to protect or effectuate its judgment); *McCormick v. Am. Equity Inv. Life Ins. Co.*, No. 205CV06735CASMANX, 2016 WL 850821, at *6 (C.D. Cal. Feb. 29, 2016) (same).

Notwithstanding the certification, this action is nowhere near as advanced as litigation in which courts have found it proper to issue an injunction pursuant to the aid-of-jurisdiction exception. *See Negrete*, 523 F.3d at 1102 ("[I]n less advanced cases, courts have been more chary about issuing injunctions, as, indeed, they should have been.") (collecting cases). No class settlement is imminent in this action (*see* Doc. Nos. 96 at 13; 102 at 7–10), it is not an MDL case, and discovery is not yet complete (*see* Doc. No. 90 at 1).

For the first time in reply, Plaintiff argues that there are indicia of underhanded activity and evidence of collusion that raise concerns about Defendant's purpose in claiming to seek a global settlement with all parties," that raise the specter of a "reverse auction," and that make "protection of this [C]ourt's jurisdiction . . . most necessary and appropriate to protect this Court's Order regarding the certified *Lovejoy* class." (Doc. No. 102 at 9–10.) There is no case law that the Court is aware of in which "evidence of collusive procedures, reverse auction or otherwise, . . . justify an injunction of state proceedings." *Negrete*, 523 F.3d at 1103.

Finally, Plaintiff argues that the "principles of comity and federalism militate in favor of" an injunction. (Doc. No. 85-1 at 14–15 (relying on an exception to the first-to-file rule and the purpose of the Class Action Fairness Act).)[5] As noted by Defendant (*see* Doc. No. 96 at 18), the first-to-file rule is inapplicable to these circumstances. Moreover,

---

[5] The Court notes that Plaintiff inaccurately asserts that "[t]he instant case is older than several of the parallel proceedings[.]" (Doc. No. 85-1 at 15.) Of the five state actions Plaintiff seeks enjoined, the instant federal action is older than only one (*Brown*).

the principles of comity and federalism necessitate that this Court tread cautiously and demonstrate restraint in interfering with state court actions. *See Mitchum v. Foster*, 407 U.S. 225, 243 (1972) ("[T]he principles of equity, comity, and federalism . . . must restrain a federal court when asked to enjoin a state court proceeding."); *Younger v. Harris*, 401 U.S. 37, 44 (1971) ("[T]he notion of 'comity,' that is, a proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways.").

Considering the stage of the instant litigation, especially in light of the Court's concerns regarding propriety of certification, the Court finds that the second exception to the Anti-Injunction Act does not apply. Moreover, on the instant record, even if the exception were to apply, the Court would in its discretion decline to issue an injunction considering its doubts as to the appropriateness of such a measure, *see Bechtel Petroleum, Inc.*, 796 F.2d at 523, and the principles of comity and federalism, *see Atl. Coast Line R. Co.*, 398 U.S. 286–87. Accordingly, the Court **DENIES** Plaintiff's motion to stay the parallel state court proceedings.

## IV.  ORDER TO SHOW CAUSE

"Even after a certification order is entered, the judge remains free to modify it in the light of subsequent developments in the litigation." *United Steel, Paper & Forestry, Rubber, Mfg. Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. ConocoPhillips Co.*, 593 F.3d 802, 809 (9th Cir. 2010) (quoting *Gen. Tel. Co. of the Sw. v. Falcon,* 457 U.S. 147, 160 (1982)); *see also* Fed. R. Civ. P. 23(c)(1)(C) ("An order that grants or denies class certification may be altered or amended before final judgment."). In fact, "[a] district court may decertify a class at any time." *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 966 (9th Cir. 2009).

"To certify a class, plaintiffs bear the burden of satisfying each of the four requirements of Federal Rule of Civil Procedure 23(a)—numerosity, commonality,

typicality, and adequacy—and at least one requirement of Rule 23(b)." *Small v. Allianz Life Ins. Co. of N. Am.*, 122 F.4th 1182, 1197 (9th Cir. 2024). Relevant here, pursuant to Rule 23(b)(3), "[a] class action may be maintained if Rule 23(a) is satisfied and if . . . the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). To determine superiority, courts consider (1) the interest of class members individually controlling the prosecution or defense of separate actions; (2) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (3) the desirability of concentrating the litigation of the claims in this particular forum; and (4) the manageability of the action as a class. Fed. R. Civ. P. 23(b)(3)(A)–(D).

As discussed *supra* § IV, the Court questions whether the superiority prong of Rule 23(b)(3) is met in light of the five parallel state court actions. Accordingly, the Court **ORDERS** the parties to show cause as to whether the class should be decertified. *See, e.g.*, *True Health Chiropractic Inc. v. McKesson Corp.*, No. 13-CV-02219-HSG, 2021 WL 4461585, at *1 (N.D. Cal. Sept. 29, 2021).

## V. MOTION FOR JUDICIAL NOTICE

Plaintiff requests the Court take judicial notice of the following court records from the parallel state court actions which Plaintiff filed in support of her motion to stay:

1. First Am. Class Action Compl., *Reese v. Veolia Transportation, et al.*, No. 21STCV29413 (Cal. Super. Ct. March 8, 2023);
2. Compl. for Enforcement under PAGA, *Reese v. Veolia Transportation, et al.*, No. 21STCV36076 (Cal. Super. Ct. Sept. 30, 2021);
3. First Am. Class Action Compl., *Diaz v. Transdev Services, Inc., et al.*, No. 22STCV32496 (Cal. Super. Ct. Feb. 20, 2024);
4. First Am. PAGA Representative Action Compl., *Diaz v. Transdev Services, Inc., et al.*, No. 22STCV38405 (Cal. Super. Ct. Feb. 20,

2024);

     5.    Compl. for Enforcement under PAGA, *Brown v. Transdev Services Inc., et al.*, No. 23AHCV02160 (Cal. Super. Ct. Sept. 18, 2023);

     6.    Docket Sheet, *Reese v. Veolia Transportation, et al.*, No. 21STCV29413 (Cal. Super. Ct. Retrieved Oct. 3, 2025);

     7.    Docket Sheet, *Diaz v. Transdev Services, Inc., et al.*, No. 22STCV32496 (Cal. Super. Ct. Retrieved Oct. 3, 2025); and

     8.    Joint Notice of Settlement, *Reese v. Veolia Transportation, et al.*, No. 21STCV29413 (Cal. Super. Ct. Sept. 30, 2025) (lead case) and *Diaz v. Transdev Services, Inc., et al.*, No. 22STCV32496 (Cal. Super. Ct. Sept. 30, 2025). (*See* Doc. No. 86.)

A court may take judicial notice of court filings. *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006). "However, while the authenticity and existence of a particular order, motion, pleading or judicial proceeding, which is a matter of public record, is judicially noticeable, veracity and validity of its contents are not." *Esparza v. Kohl's, Inc.*, 723 F. Supp. 3d 934, 940 (S.D. Cal. 2024) (internal punctuation and citation omitted).

Accordingly, the Court **GRANTS** Plaintiff's request (Doc. No. 86)[6] pursuant to Rule 201(c)(2) of the Federal Rules of Evidence and takes judicial notice of the identified state court records.

///
///
///
///
///

---

[6] Plaintiff initially requested judicial notice of records (1), (3), and (8) only. (*See* Doc. No. 85-3.) Having granted the amended request for judicial notice (Doc. No. 86), the Court **DENIES as moot** Plaintiff's initial request.

## VI. CONCLUSION

Based on the foregoing, the Court **DENIES** Plaintiff's motion to stay the parallel state court actions and **GRANTS** Plaintiff's request for judicial notice. In light of the five parallel state court actions, the Court further **ORDERS**:

1. The Hearing on Plaintiff's Motion for Order Approving Class Notice and Notice Plan and related briefing schedule are **VACATED**, to be reset when appropriate. (*See* Doc. Nos. 106; 108.)

2. A Show Cause Hearing is **SET** for **January 29, 2026**, at **2:00 PM**, in Courtroom 4A before the undersigned.

3. Cross responses to this Order to Show Cause addressing the issue of superiority must be filed no later than **December 11, 2025**. Responses must be no more than **ten pages**, exclusive exhibits.

4. Cross replies must be filed no later than **December 18, 2025**. Replies must be no more than **five pages**, exclusive exhibits.

**IT IS SO ORDERED.**

Dated: November 17, 2025

Hon. Anthony J. Battaglia
United States District Judge